UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMELA BINGHAM, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Case No.: ) |
| GC SERVICES, LP, | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| Defendant | ) ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CARMELA BINGHAM ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in

controversy," and 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19143.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant, GC Services, LP, is a debt collector with its principal place of business located at 6330 Gulfton Drive, Houston, Texas 77081.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), as it sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was attempting to collect a consumer debt from Plaintiff.

12. The alleged debt at issue, a student loan, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or around January 2013, and continuing through October 2013, Defendant repeatedly contacted Plaintiff on her cellular telephone in its attempts to collect a debt.

14. At the time Defendant started contacting Plaintiff, she was making regular monthly payments on her student loan.

15. Nevertheless, Defendant persisted in repeatedly calling Plaintiff seeking and demanding payment of the alleged debt.

16. In fact, Defendant claimed that the only way its collection calls would stop is when her account was out of default, not acknowledging that she was making monthly payments.

17. When Plaintiff inquired about a payment plan, Defendant

provided differing amounts for the monthly payment plan, making it impossible for Plaintiff to agree to and make payments to get the collection calls to stop as the amount it would accept kept changing.

18. In addition, Defendant sent numerous collection letters to Plaintiff seeking and demanding payment of the alleged debt, on which she had been making regular monthly payments.

19. Further, in its attempts to collect the debt, Defendant began calling the Plaintiff's mother's home telephone.

20. Plaintiff's mother is eighty-four (84) years old.

21. Plaintiff does not reside with her mother and does not use her mother's telephone number as a contact number for herself.

22. When calling Plaintiff's mother, Defendant disclosed that Plaintiff owed a debt.

23. Further, Defendant inquired how they could contact Plaintiff, despite being in possession of Plaintiff's valid cellular telephone number and address.

24. Plaintiff's mother informed Defendant's collectors that Plaintiff did not reside with her.

25. Defendant, however, never updated its records or removed Plaintiff's mother's home telephone number from its system; rather it

persisted in contacting Plaintiff's mother in its attempts to collect a debt from Plaintiff.

26. Instead, it continued to contact Plaintiff's mother, on average, two times a week in its attempts to collect a consumer debt.

27. At no time did Defendant have Plaintiff's permission to disclose debt information to third parties, including her mother.

28. At the time Defendant contacted Plaintiff's mother, Defendant had already spoke to Plaintiff.

29. Further, upon information and belief, when contacting Plaintiff's mother, Defendant possessed Plaintiff's valid contact information, including her home address and cellular telephone number.

30. It was upsetting, embarrassing, and harassing to Plaintiff for her mother to be called about her debt.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692b(2) and 1692b(3).

  a. Section 1692b(2) of the FDCPA prohibits a debt collector, who is contacting any person for the purpose of obtaining location information, from disclosing to that person that the consumer owes a debt.

  b. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

  c. Here, Defendant violated §§1692b(2) and 1692b(3) of the FDCPA by repeatedly calling Plaintiff's mother, after being told that Plaintiff did not reside at that address, as well as disclosing to Plaintiff's mother that Plaintiff owed a debt.

## COUNT II

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(b).

    a. Section 1692c(b) of the FDCPA states that except as provided in section 1692b, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

    b. Here, Defendant violated §1692c(b) of the FDCPA by disclosing debt information to a third party, specifically Plaintiff's mother, without consent of Plaintiff.

## COUNT III

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits debt collectors from engaging a person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass.

   c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA, when it repeatedly called Plaintiff seeking and demanding payment of a debt, when Plaintiff was making monthly payments, as well as calling Plaintiff's elderly mother, despite being repeatedly told that the Plaintiff does not reside there and to cease calling the number, which the natural consequence of such behavior was to harass and abuse Plaintiff.

## COUNT IV

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including repeatedly contacting third parties and disclosing to these individuals that Plaintiff owed a debt as well as contacting Plaintiff about a debt in which she was already making monthly payments and changing the amount of the monthly payment each time she would try to set up payments through Defendant's office.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CARMELA BINGHAM, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. δ 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. δ 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARMELA BINGHAM, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: December 4, 2013        KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com